W R GRACE & CO v DEPARTMENT OF TREASURY

Docket No. 48064. Submitted May 13, 1981, at Lansing.—Decided April 7, 1982.

W. R. Grace & Co. (Grace) controls a corporate empire consisting of 101 corporations doing business in the United States. Grace and six of the subsidiaries do business in Michigan. In 1976, Grace and its Michigan affiliates sought to file a single consolidated Michigan business tax return, but the Department of Treasury refused the request, contending that the group of corporations did not qualify for such treatment. Grace filed a return consolidating its six Michigan subsidiaries, paid an amount in excess of the amount due calculated on a consolidated basis, and claimed a refund for the excess. The claim was denied and Grace and its Michigan subsidiaries brought an action in the Court of Claims against the Department of Treasury for a refund. The Court of Claims, Robert Holmes Bell, J., denied defendant's motion for summary judgment, holding that Grace and its Michigan subsidiaries were an "affiliated group" under the Single Business Tax Act. Defendant appealed by leave granted. *Held:*

Plaintiffs constituted an "affiliated group" under the definition in the Single Business Tax Act.

Affirmed.

TAXATION — SINGLE BUSINESS TAX — AFFILIATED GROUP.

For purposes of the single business tax, "affiliated group" means 2 or more corporations, 1 of which owns or controls, directly or indirectly, 80% or more of the capital stock with voting rights of the other corporation or corporations; an affiliated group which meets the requirements of the Single Business Tax Act may file a consolidated tax return even if the parent corporation also controls corporations which are not Michigan taxpayers (MCL 208.3[1], 208.77; MSA 7.558[3][1], 7.558[77]).

*James A. Park, P.C.,* and *Paul H. Frankel* and *William G. von Glahn,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE
71 Am Jur 2d, State and Local Taxation § 593.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gomoll,* Assistants Attorney General, for defendant.

Before: R. M. Maher, P.J., and Allen and Cynar, JJ.

Per Curiam. Plaintiff W. R. Grace & Co. (Grace) controls a corporate empire consisting of 101 corporations doing business in the United States. Grace and six of these subsidiaries do business in Michigan. Grace and its Michigan affiliates sought to file a single consolidated Michigan business tax return, but the Department of Treasury refused the request, contending that the group of corporations did not qualify for such treatment. Eventually, the case ended up in the Court of Claims, which ruled that Grace and its Michigan subsidiaries were an "affiliated group" under the Single Business Tax Act, and hence entitled to file a consolidated return, providing other requirements were met. Consideration of the ultimate issue— whether the Grace group was entitled to file a consolidated return—was deferred pending resolution of factual issues. Defendant appeals by leave of this Court.

The sole issue on appeal is whether the Court of Claims was correct in concluding that Grace and its Michigan subsidiaries were an "affiliated group" under § 3 of the Michigan Single Business Tax Act (MSBTA), MCL 208.3; MSA 7.558(3).

Section 77 of the MSBTA provides in part:

"Sec. 77. The commissioner may require or permit the filing of a consolidated or combined return by an affiliated group of corporations which are Michigan taxpayers if all of the following conditions exist:

"(a) All members of the affiliated group are Michigan taxpayers." MCL 208.77; MSA 7.558(77).

The term "affiliated group" is defined in § 3(1) of the MSBTA:

" 'Affiliated group' means 2 or more corporations, 1 of which owns or controls, directly or indirectly, 80% or more of the capital stock with voting rights of the other corporation or corporations." MCL 208.3(1); MSA 7.558(3)(1).

Clearly, the Grace group constitutes an "affiliated group" under the MSBTA. However, defendant advances several arguments in an effort to persuade this Court to ignore the plain words of the statute.

Essentially, defendant contends that the Legislature did not intend to permit an affiliated group of Michigan corporations to file a consolidated return unless the parent corporation has no American subsidiaries which do not do business in Michigan. In other words, defendant claims that Grace and all 101 of its domestic subsidiaries are the actual "affiliated group", and since not all 101 do business in Michigan, the group may not file a consolidated return. We find scant support in the language of the statute for such an unlikely construction and, accordingly, reject it.

We agree with defendant that the apparent legislative acquiescence in the administrative interpretation of "affiliated group" can be read in favor of its position. The Department of Treasury's position has been well known since 1976, and the Legislature has subsequently amended the statute without making it clear that the department's interpretation is incorrect. However, we believe it equally likely that the Legislature's failure to act

indicates that it is quite satisfied with the tax consequences dictated by the plain words of the statute. We will not interpret the Legislature's failure to act as an expression of agreement with a patently unreasonable administrative interpretation.

We also agree with defendant that one of the purposes of permitting groups of corporations to file consolidated returns—preventing tax manipulations through inter-corporate transactions—may be frustrated if all members of a corporate family are not included within an affiliated group. However, we also note that consolidated filing eases administrative expense and that the Legislature most likely intended to facilitate the use of consolidated filing in order to encourage multistate corporations to remain in the state or to build new production facilities in Michigan. Against this background we are unwilling to conclude that the Legislature intended what it did not say.

For these reasons, we must agree with the Court of Claims that Grace and its Michigan subsidiaries are an "affiliated group" within the meaning of §§ 3(1) and 77 of the MSBTA. If we have incorrectly interpreted the statute, the Legislature is quite free to correct us.

Affirmed.